UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAISY A. PERDOMO | * | CIVIL ACTION NO.: 11-2374 |
| Versus | * | MAGISTRATE SHUSHAN |
| THE UNITED STATES OF AMERICA | * | JUDGE ZAINEY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S TREATING EXPERT WITNESSES

Plaintiff, through undersigned counsel, submits this Memorandum in Opposition to Defendant's Motion to Strike Plaintiff's Treating Expert Witnesses.

### FACTS

This Honorable Court's January 5, 2012 Scheduling Order **(Exhibit A)** required that the defendant deliver to plaintiff any expert witness reports that it would use at trial by April 30, 2012 and it also required that all pre-trial motions, including motions in limine regarding the admissibility of expert witness testimony to be filed no later than May 22, 2012. On the eve of the defendant's expert witness deadline, defense counsel contacted plaintiff's counsel in order to obtain an extension of time to produce expert reports. Plaintiff's counsel without hesitation agreed and this Honorable Court issued an order granting the defendant until May 21, 2012 to produce any expert witness report **(Exhibit B)**.

The defendant's 2nd expert witness deadline came and went with no production of an expert witness report. On May 22, 2012, defense counsel e-mailed plaintiff's counsel an expert report along with a settlement offer of $31,346.00. Based on the fact that the plaintiff is 20 years old, has no pre-existing injuries, has 4 bulging disc, 1 herniated disc, 2 years of treatment and

medical bills in excess of $26,000.00, the only conclusion that plaintiff's counsel could deduce is that the defendant was not acting in good faith with regard to its efforts to try to settle this matter. Ordinarily, plaintiff's counsel would not object to another extension of time to submit an expert report, but throughout this whole process, the defendant has shown no quarter to the plaintiff at every turn. As a result, the plaintiff filed a Motion to Strike the Defendant's Expert Witness based on untimeliness of expert report submission.

The defendant's bad faith was further confirmed at the May 24, 2012 settlement conference with Judge Shushan at which time the plaintiff came significantly off her initial settlement offer only to be met with a paltry counter-offer of $40,000.00 by the defendant. Because the Defendant is acting in bad faith regarding all efforts to settle this matter, there is no motivation for the plaintiff to relent on any procedural issues. The plaintiff has no desire to continue enticing the defendant to use bullying tactics.

In addition, the defendant has failed to file any timely opposition to Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability or Plaintiff's Motion to Strike Defendant's Expert Witness based on untimeliness of expert report submission. Here we are at the 11th hour once again and at this point, instead of filing oppositions to plaintiff's pending Motion for Partial Summary Judgment and Motion to Strike, the defendant apparently now has the time to file a Motion to Strike Plaintiff's Treating Expert Witnesses. Therefore, the plaintiff opposes the Defendant's Motion to Strike Plaintiff's Treating Expert Witnesses based on the following:

### I. DEFENDANT'S MOTION TO STRIKE WAS FILED UNTIMELY

This Honorable Court's January 5, 2012 Scheduling Order **(Exhibit A)** required that all pre-trial motions, including motions in limine regarding the admissibility of expert witness

testimony to be filed no later than May 22, 2012. The defendant has clearly missed this deadline. Moreover, it is apparent that the defendant had no intention of filing this Motion until it became clear that the plaintiff was not going to agree to give the defendant an extension of time to file memos in opposition to plaintiff's pending motions or voluntarily withdraw plaintiff's Motion to Strike the Defendant's Expert Witness. As a result, the plaintiff has no choice but to oppose the Defendant's Motion to Strike based on untimeliness.

## II.      DEFENDANT FAILS TO SHOW GOOD CAUSE TO HAVE MOTION HEARD

Although the Defendant's Motion to Strike has been untimely filed, this Honorable Court will allow an untimely motion in limine regarding the admissibility of expert testimony to be heard if good cause is shown. Based on what the plaintiff has submitted to defendant during discovery in this matter, the defendant fails to show any cause to strike any of the plaintiff's expert treating physician witnesses. The plaintiff's expert witnesses are treating physicians and therefore not subject to **Rule 26(a)(2)(B)**. None of the expert witnesses were sought out for the purpose of litigation. Furthermore, the plaintiff's physicians will only testify as to what is within the four corners of their medical reports. A careful reading of the medical reports that have been produced by the plaintiff's expert treating physicians reveal that the physicians will be able to offer testimony on the causation of plaintiff's objective medical findings, the necessity and cost of future medical care and the effect of a second automobile accident.

On the issue of causation, the defendant will have to overcome the **Housley Presumption** which holds that a claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards,

providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition. In order to defeat the presumption, defendant must show some other particular incident could have caused the injury in question. Maranto v. Goodyear Tire & Rubber Co., 650 So.2d 757, 759 & 761 (La.1995). The plaintiff's physical condition before and after the accident in this case falls right into line with the aforementioned presumption. The plaintiff's symptoms of the disabling condition manifested themselves immediately after the accident and continuously manifested themselves afterwards and the medical evidence clearly shows that there is a reasonable possibility of causal connection between the accident and the disabling condition. It does not appear from anything produced by the defendant that it will be able to overcome this presumption.

Although there is a presumption in favor of the plaintiff on the issue of causation, the plaintiff can nonetheless prove causation based on the medical reports issued by William Dennington, D.C. on November 24, 2010 and Ciro Cerrato, M.D. on November 29, 2010. **(Exhibit C)**. Both of those reports specifically state that the causative factor for the plaintiff's injuries was the automobile accident in question. Furthermore, the determination of causation was made within the course of providing treatment and not elicited for the purpose of litigation.

As for the issue of future medical care and costs, the current treating physician, Dr. Lesser, makes numerous conclusions and observations on this issue which appear in his medical reports and were made during the course of providing treatment and not elicited for the purpose of litigation. Dr. Lesser's May 15, 2012 report clearly alludes to future care that the plaintiff will need **(Exhibit D)**. The report comments on the benefits of more injections and lifestyle changes that the plaintiff will have to make in order to help her recovery. Surely this is all relevant information that can be found within the four corners of the treating physician's medical reports

that this Honorable Court will need in order to come to a final decision on the issue of future medical care and costs. In addition, due to the fact that Dr. Lesser is currently the plaintiff's treating physician and was the treating physician at the time of the 2nd accident, it would appear that this Honorable Court will need information from him regarding the plaintiff's condition before and after the second accident. Dr. Lesser's observations and reports were all made within the scope of his treatment of the patient.

In its memo in support, the defendant insinuates that plaintiff's counsel has a relationship with the treating physicians in which discussions take place outside of the four corners of the medical reports which have been produced in this matter. What the defendant fails to realize is that plaintiff's counsel consults with a radiologist that is not a witness to this case and who offers his own opinion as to the plaintiff's physical condition and the findings made by the treating physicians. The statements made by plaintiff's counsel at the settlement conference are based off of the aforementioned consultations. If the defendant so pleases, the plaintiff would be happy to produce the radiologist who is consulted as a witness in this matter. The plaintiff believes that this would only benefit this Honorable Court in coming to a decision on the medical issues in this matter.

Finally, it should be noted that the plaintiff produced a timely witness and exhibit list which contains all of the names of the physicians who will testify and the subject matter upon which they will testify **(Exhibit E).** The list clearly states that the physicians would testify as to the plaintiff's physical condition, ailments, and possible future treatment. The exhibit list also list the specific medical reports that would be presented at trial. The defendant should have been able to deduce from the witness and exhibit list what exactly would be the subject matter of the physicians' testimony. Therefore, the idea that this would be trial by ambush is the furthest thing

away from the truth, based on everything disclosed by the plaintiff. As a result, there is no good cause for the defendant's Motion to Strike.

## CONCLUSION

Based on the foregoing, the Plaintiff concludes that the Defendant's Motion was filed untimely and there is no good cause shown to allow it to be granted. Therefore, the Defendant's Motion to Strike Plaintiff's Treating Expert Witnesses should be denied.

Respectfully submitted:

/s/ Pedro F. Galeas
Pedro F. Galeas (La. Bar No. 28580)
The Galeas Law Corporation (APLC)
829 Baronne Street
New Orleans, La 70113
Tel: 504-581-9322
Fax: 504-581-7651
pedro@galeaslaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

/s/ Pedro F. Galeas