UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAISY A. PERDOMO                             CIVIL ACTION

VERSUS                                       NO: 11-2374

THE UNITED STATES OF AMERICA                 SECTION: "A" (1)

**ORDER AND REASONS**

Before the Court are a **Motion for Partial Summary Judgment on the Issue of Liability (Rec. Doc. 15)** and a **Motion to Strike Defendant's Expert Witness (Rec. Doc. 16)** filed by plaintiff, Daisy A. Perdomo. Defendant, the United States of America, opposes the motions. The motions, noticed for submission on June 6, 2012, are before the Court on the briefs without oral argument.

Plaintiff filed this lawsuit to recover for personal injuries that she claims to have sustained following a collision with a United States postal truck. The accident occurred on April 20, 2010, in Metairie, Louisiana, at the corner of Lake Villa Drive and West Esplanade Avenue. Plaintiff was traveling west bound on West Esplanade, which was the favored street. Defendant's driver, Shawn Manning, was traveling south bound on Lake Villa and he had a stop sign. Manning contends that he came to a complete stop at the intersection before proceeding through the stop sign. Manning nonetheless attempted to drive through

1

the favored street and struck Plaintiff's vehicle.  Manning was operating his vehicle while in the course and scope of his employment with the United States Postal Service.

Plaintiff filed the instant suit under the auspices of the Federal Tort Claims Act seeking recovery for various elements of physical and emotional injury.  This matter will be tried to the bench on July 30, 2012.

Via the instant motions Plaintiff seeks a ruling that Defendant is 100 percent liable for the accident and moves to strike Defendant's expert due to timeliness issues with his report.

The motion for partial summary judgment as to 100 percent liability is GRANTED.  Manning had a legal duty to not only stop his vehicle but to ascertain whether the way was clear for him to safely cross the intersection.  <u>Lamaire v. Motor Convoy, Inc.</u>, 625 So. 2d 638, 642 (La. App. 3d Cir. 1993) (<u>citing</u> <u>Askew v. Hamilton</u>, 146 So. 2d 471 (La. App. 3d Cir. 1962)).  For reasons Manning could not explain during his deposition, he claims to have never seen Plaintiff's vehicle until the collision.  There is no evidence in this case to suggest that any conduct on the part of Plaintiff contributed to the collision.  <u>See</u> <u>Courtault v. Gov. Emp. Ins. Co.</u>, 169 So. 2d 592, 594 (La. App. 4th Cir. 1964) (recognizing that in some circumstances the driver on the favored street might have contributed to the collision).  The Court finds

2

that Manning was solely responsible for the accident.  Of course, Manning must still must prove her damages, both as to severity and causation.

The motion to strike Defendant's expert is DENIED.  The report was late by several hours but Plaintiff suffered no prejudice.  The Court is not inclined to punish a party whose counsel faces extenuating personal circumstances that contribute to a late report.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment on the Issue of Liability (Rec. Doc. 15)** file by plaintiff Daisy A. Perdomo is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion to Strike Defendant's Expert Witness (Rec. Doc. 16)** filed by plaintiff Daisy A. Perdomo is **DENIED**.

June 11, 2012

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE