UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAISY A. PERDOMO                          CIVIL ACTION

VERSUS                                    NO: 11-2374

THE UNITED STATES OF AMERICA              SECTION: "A" (1)


## ORDER AND REASONS

Before the Court is a **Motion to Strike Plaintiff's Treating Expert Witnesses (Rec. Doc. 28)** filed by defendant, United States of America.  Plaintiff, Daisy A. Perdomo, opposes the motion. The motion, noticed for submission on June 6, 2012, is before the Court on the briefs without oral argument.

Plaintiff filed this lawsuit to recover for personal injuries that she claims to have sustained following a collision with a United States postal truck.  The accident occurred on April 20, 2010, in Metairie, Louisiana, at the corner of Lake Villa Drive and West Esplanade Avenue.  Plaintiff was traveling west bound on West Esplanade, which was the favored street. Defendant's driver, Shawn Manning, was traveling south bound on Lake Villa and he had a stop sign.  Manning contends that he came to a complete stop at the intersection before proceeding through the stop sign.  Manning nonetheless attempted to drive through the favored street and struck Plaintiff's vehicle.  Manning was operating his vehicle while in the course and scope of his

1

employment with the United States Postal Service.

Plaintiff filed the instant suit under the auspices of the Federal Tort Claims Act seeking recovery for various elements of physical and emotional injury.  This matter will be tried to the bench on July 30, 2012.

Via the instant motion Defendant moves to strike all of Plaintiff's treating health care providers as witnesses (hereinafter collectively "the Witnesses").[1]  Defendant contends that Plaintiff produced neither expert reports nor summary disclosures under Rule 26(a)(2)(C) for the Witnesses.

Rule 26(a)(2)(A) requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert testimony.  Additionally, if the witness is one retained or specially employed to provide expert testimony in the case then the disclosure must be accompanied by a written report. Rule 26(a)(2)(B).  Treating physicians have traditionally been exempt from Rule 26's written report requirement.  <u>Beechgrove Redev., LLC v. Carter & Sons Plumbing</u>, No. 07-8446, 2009 WL 981724, at *4 (E.D. La. Apr. 9, 2009) (<u>citing</u> <u>Boudreaux v. J.P. Morgan Chase & Co.</u>, 2007 WL 4162908, at *2 (E.D. La. Nov. 21, 2007); <u>Knorr v. Dillard's Store Servs., Inc.</u>, 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005)).  In 2010, however, Rule 26(a)(2)(C)

---

[1] Defendant does not seek to exclude the physicians' medical records themselves.  (Rec. Doc. 28, at 1 n.1).

2

was added to mandate summary disclosures of the opinions to be offered by experts who are not required to produce reports under 26(a)(2)(B) and of the facts supporting those opinions. Treating physicians are specifically discussed in the 2010 Advisory Committee Notes pertaining to Rule 26(a)(2)(C) as being one of the categories of expert witnesses that the new amendment was intended to address.

The Court will assume at this juncture that the Witnesses are *bona fide* treating physicians.[2] While these witnesses are subject to Rule 26(a)(2)(C)'s summary disclosure requirement, the Court is persuaded that this requirement pertains solely to the opinions not contained in the medical records. Therefore, while the Court will not exclude the Witnesses altogether, they will not be allowed to testify outside the scope of their medical records.[3]

Accordingly, and for the foregoing reasons;

---

[2] Defendant has expressed concern that some of the Witnesses have had sufficient involvement with the case so as to render them subject to Rule 26(a)(2)(B)'s written report requirement. Given that Plaintiff takes the position that the reports were not necessary, *which would only be the case for a non-retained expert*, Defendant can question the Witnesses at trial regarding all of their interactions with Plaintiff's counsel and Plaintiff will be foreclosed from objecting on grounds of a privilege.

[3] Plaintiff attached as Exhibits C and D to her opposition two reports that do not appear to be medical records but instead resemble the type of report that a retained expert would produce. In fact, Exhibit C is addressed specifically to Plaintiff's counsel. This is clearly not a medical record.

**IT IS ORDERED** that the **Motion to Strike Plaintiff's Treating Expert Witnesses (Rec. Doc. 28)** filed by defendant, United States of America is **GRANTED IN PART AND DENIED IN PART** as explained above.

June 11, 2012

_____

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE